IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PRADO, | ) Case No. 09-4419 SC |
| | ) |
| Plaintiff, | ) ORDER RE: DEFENDANT'S MOTION |
| | ) FOR SUMMARY ADJUDICATION AND |
| v. | ) PLAINTIFF'S MOTION TO |
| | ) AUGMENT OR FOR LEAVE TO |
| ALLIED DOMECQ SPIRITS AND WINE | ) CONDUCT DISCOVERY |
| GROUP DISABILITY INCOME POLICY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| LIBERTY LIFE ASSURANCE COMPANY OF | ) |
| BOSTON, | ) |
| | ) |
| Real Party in Interest. | ) |

## I.   INTRODUCTION

Plaintiff Antonio Prado ("Plaintiff") brought this action against the Allied Domecq Spirits and Wine Group Disability Income Policy ("Defendant" or "the Plan"), alleging a failure to extend disability benefits in accordance with the Plan and the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1132. The Real Party in Interest is the Plan Administrator, Liberty Life Assurance Company of Boston ("Liberty").  Now before the Court are two fully briefed motions.  Liberty filed a Motion for Summary Adjudication on the Applicable Standard of Review.  ECF Nos. 21 ("Liberty's Mot."), 27 ("Opp'n to Liberty's Mot."), 32 ("Liberty's Reply").  Plaintiff filed a Motion for an Order Directing Defendant

to Augment the Administrative Record and for Leave to Conduct Discovery.  ECF Nos. 25 ("Pl.'s Mot."), 29 ("Opp'n to Pl.'s Mot."), 34 ("Pl.'s Reply").  Pursuant to Civil Local Rule 7-1(b), the Court finds the motions suitable for determination without oral argument.  Because they were filed concurrently and involve overlapping legal issues, the Court rules on both motions in this Order.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion and GRANTS Liberty's Motion for Summary Adjudication on the Applicable Standard of Review.

**II.  BACKGROUND**

  Plaintiff was injured on September 2, 2003 while employed by Allied Domecq Spirits and Wine ("Allied").  Compl. ¶ 4.  Plaintiff applied for long-term disability under Allied's disability plan.  Id. ¶ 5.  Under the Plan, claimants receive funds for up to twenty-four months if an injury renders them unable to work in their "own occupation," and receive payments beyond that time period if they are unable to work in "any occupation" for which they are reasonably qualified.  Padway Decl. Ex. C ("Cert. of Coverage") at SPD006-007.[1]

  Liberty denied Plaintiff's claim.  Compl. ¶ 5.  In 2005, Plaintiff filed suit, alleging failure to extend benefits under a plan covered by ERISA.  Id.  This Court granted summary judgment for Plaintiff.  Prado v. Allied Domecq Spirits and Wine Group Disability Income Policy, No. 05-2716, 2008 WL 191985 (N.D. Cal. Jan. 22, 2008) ("Prado I").  The Court found that because Liberty acted both as the plan administrator and the funding source for

---

[1] Laurence Padway ("Padway"), counsel for Plaintiff, filed a Declaration in support of Plaintiff's Motion.  ECF No. 26.

2

1  benefits, it operated under a structural conflict of interest. Id.
2  at 5. The Court found that this conflict of interest, as well as
3  other factors, supported its finding that Liberty abused its
4  discretion in denying Plaintiff's claim. Id. at 20. The Court
5  found that Plaintiff was unable to perform his "own occupation" for
6  the first twenty-four months of his injury, and remanded the matter
7  to the Plan for a determination on whether Plaintiff should receive
8  benefits beyond the twenty-four month period due to an inability to
9  perform "any occupation." Id. at 21. Following remand, the Plan
10 denied Plaintiff's claim, finding insufficient objective evidence
11 of a disability. Compl. ¶ 6.
12     In this second suit, Plaintiff brings three causes of action:
13 (1) review of denial of ERISA benefits; (2) violation of California
14 Insurance Code Section 10111.2; and (3) failure to produce records
15 under 29 U.S.C. § 1332. As to this third cause of action,
16 Plaintiff claims that Liberty was obligated to make available
17 certain documents during his claim review and failed to do so, and
18 that as a consequence Plaintiff is entitled to fees. See Compl.

### III. LEGAL STANDARD

#### A. Summary Adjudication

A court may grant summary adjudication -- also known as partial summary judgment -- if there is no genuine dispute of material fact as to a portion of a claim or issue and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n. 3 (9th Cir. 1981).

///

**B.  Standard of Review**

ERISA benefits determinations are to be reviewed de novo unless the language of the plan documents give the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Met. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008). Where an administrator has retained discretionary authority, abuse of discretion is the appropriate standard of review. Id.  A plan administrator that also acts as the funding source for benefits operates under a "structural" conflict of interest. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965 (9th Cir. 2006). Such a conflict "must be weighed as a factor in determining whether there is an abuse of discretion." Glenn, 128 S.Ct. at 2348. This leads to an abuse-of-discretion standard "tempered by skepticism commensurate with the plan administrator's conflict of interest." Abatie, 458 F.3d at 959.

**C.  Evidence Beyond the Administrative Record**

A court's abuse-of-discretion review of an ERISA claim denial is generally limited to the record before the plan administrator. Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1110 (9th Cir. 2003). However, if the denial is made by an administrator operating under a conflict of interest, the court has discretion to permit discovery beyond the administrative record into the nature, extent, and effect of this conflict on the administrator's decision-making process. Welch v. Met. Life Ins. Co., 480 F.3d 942, 949-50 (9th Cir. 2007). In addition, an administrator's failure to follow a procedural requirement may permit evidence outside the administrative record. Abatie, 458 F.3d at 972-73.

## IV. DISCUSSION

### A. Standard of Review

Plaintiff advances two arguments that de novo review is the proper standard of review. First, Plaintiff argues that Liberty has not established that the Plan documents give it discretion to determine claim eligibility. Opp'n to Liberty's Mot. at 1.

Liberty counters that this Court determined that the Plan conferred discretion to Liberty in Prado I and suggests collateral estoppel should bar Plaintiff from relitigating this issue. Liberty's Reply at 2. "Under the judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." U.S. v. Mendoza, 464 U.S. 154, 159 (1984). In Prado I, this Court found that the plan documents gave Liberty discretion to determine claim eligibility, and thus abuse-of-discretion review was proper. See Prado I, No. 05-2716, 2006 WL 3388572 (N.D. Cal. Nov. 22, 2006). Because this identical issue was both decided and actually litigated in Prado I and was necessary to its final judgment, the Court's earlier finding will control in this action.

Plaintiff's second argument is that de novo review is the proper standard because Liberty failed to deny the claim within the deadlines provided by U.S. Department of Labor regulations. Opp'n to Liberty's Mot. at 6. Plaintiff cites Jebian, 349 F.3d at 1107, for the proposition that "where the Plan fails to decide the claim within the appropriate time limit, the claim is deemed denied and de novo review results." Id. Under 29 C.F.R. § 2560.503-

5

1(i)(1)(i) and (i)(3)(i), a plan administrator reviewing an appeal of a benefit denial must notify the claimant of its decision within forty-five days of receipt of the claimant's appeal request. If special circumstances require additional time, the administrator is permitted a forty-five-day extension if, within the first forty-five days, it notifies the claimant that additional time is necessary and indicates the special circumstances necessitating the extension. Id. Plaintiff alleges that Liberty did not send Plaintiff an extension notice that provided the "special circumstances" necessitating the extension until September 23, 2009 -- fifty-eight days after Liberty received Plaintiff's appeal. Opp'n to Liberty's Mot. at 3-6. Plaintiff claims that under Jebian, this violation necessitates de novo review. Id.

Liberty counters that Plaintiff quotes Jebian out of context, and that even if Liberty committed minor procedural violations, de novo review would be improper. Liberty's Reply at 8-9. Liberty claims it sent two letters before the September 23, 2009 letter in which it notified Plaintiff that additional time would be necessary, and argues that while the "special circumstances" were not explicitly stated in these letters, they could be reasonably inferred from the conduct of the parties. Liberty's Mot. at 5-7.

The Court finds three major differences between the case at hand and Jebian. First, in Jebian, the delay was considerably longer, involving "[o]ne hundred nineteen days of 'radio silence.'" 349 F.3d at 1107. Here, if one assumes all facts in favor of Plaintiff, the delay is twelve days. The correspondence between parties during this time demonstrates the sort of "ongoing, good faith exchange of information between the administrator and

6

1  claimant" that renders a procedural error "inconsequential" and
2  does not mandate de novo review.  Id.  Second, in Jebian, the
3  plan's conduct violated not only Department of Labor regulations,
4  but also the terms of the plan itself, and the Ninth Circuit
5  stressed that this was a factor in its determination that de novo
6  review applied.  Id. at 1106 n.6.  Plaintiff does not allege that
7  Allied's plan contains similar language.  Third, Jebian's holding
8  rests on a Department of Labor regulation requiring claims not
9  decided within the time limitations to be "deemed denied."  Id. at
10 1103 n.5.  The "deemed denied" language has since been excised from
11 these regulations.  See 29 C.F.R. § 2560.503-1(h).
12     For the foregoing reasons, Jebian is distinguished, and abuse
13 of discretion is the appropriate standard of review.  In Prado I,
14 the Court also found that Liberty's joint roles as plan
15 administrator and payee constituted a structural conflict of
16 interest, and the Court considered this conflict in determining
17 whether Liberty had abused its discretion.  Prado I, 2008 WL
18 191985.  Because this issue was decided and actually litigated in
19 Prado I and was necessary to its final judgment, Liberty is
20 estopped from arguing no conflict existed.  Thus, the Court will
21 apply the abuse-of-discretion standard in reviewing Liberty's claim
22 denial, tempering this review with skepticism commensurate with
23 Liberty's conflict of interest.
24     **B.   Evidence Beyond the Administrative Record**
25     During Liberty's assessment of Plaintiff's appeal, Plaintiff
26 made several requests for additional information from Liberty to
27 "prepare an appropriate appeal."  Gray Decl. Ex. B ("Apr. 12, 2009
28

7

Letter").[2]  Plaintiff's April 12, 2009 letter is a four-page, single-spaced document requesting a number of documents.  <u>Id.</u>  In response, Liberty wrote: "We do not agree with your interpretation of the scope of Liberty's disclosure obligations under ERISA and we are unable to respond to your extensive requests for information." Gray Decl. Ex. C ("Apr. 30, 2009 Letter").  Plaintiff made another request for information during the appeal, and this was also denied by Liberty.  <u>See</u> Gray Decl. Ex. G ("Sept. 6, 2009 Letter"), Ex. J ("Sept. 23, 2009 Letter").

Now, Plaintiff seeks an order requiring Liberty to augment the administrative record with much of the same information, or, in the alternative, to allow Plaintiff to conduct discovery.  <u>See</u> Pl.'s Mot.  The documents Plaintiff seeks fall into two broad and overlapping categories: (1) documents Plaintiff claims are relevant to show the nature, extent, and effect of Liberty's conflict of interest; and (2) documents Plaintiff argues he was entitled to receive during the claim determination process under Department of Labor regulations.  The Court will discuss both categories in turn.

        1.   <u>Documents Relevant to Liberty's Structural Conflict of Interest</u>

While a district court generally limits its abuse-of-discretion review of a benefits denial to the administrative record, the court may, in its discretion, permit discovery of the nature, extent, and effect of an administrator's structural conflict of interest.  <u>Welch</u>, 480 F.3d at 949-50.  Plaintiff claims he has made requests that are calculated to uncover "bias of the consulting physicians," "financial interest of the claims

---

[2] Lisa Gray ("Gray"), appeal review consultant for Liberty, filed a Declaration in support of Liberty's Motion.  ECF No. 23.

8

1  adjusters," and "the economic effect of discretionary clauses"
2  (that is, whether Liberty denies more claims when it retains
3  discretion than when it does not).  Pl.'s Reply at 6-9.  Plaintiff
4  seeks, among other things, Liberty's policies and procedures "to
5  ensure that similarly situated claimants are treated alike," the
6  number of total reports that the physicians who reviewed
7  Plaintiff's claim have performed for Liberty on other appeals, and
8  the number of these reports that were favorable and unfavorable to
9  the granting of benefits.  Pl.'s Mot. at 10-11.  Plaintiff
10 identifies several recent cases where courts permitted discovery
11 into this type of evidence.  See Taylor v. SmithKline Beecham
12 Corp., 629 F. Supp. 2d 1032 (C.D. Cal. 2009), Santos v. Quebecor
13 World Longer Term Disability Plan, 354 F.R.D. 643 (E.D. Cal. 2009).
14     Liberty admits that "the Court may consider evidence outside
15 the administrative record for the limited purpose of deciding the
16 nature, extent, and effect on the decision making process of any
17 conflict of interest."  Opp'n to Pl.'s Mot. at 11.  However,
18 Liberty argues that the scope of Plaintiff's discovery exceeds the
19 permissible bounds "in that it calls for documents outside the
20 administrative record on which Liberty Life did not rely to reach
21 its claim determination; which call for exposure of how and why
22 Liberty Life's claims decisions were made and whether they were
23 'correct' and which are neither relevant nor admissible to evaluate
24 whether Liberty Life abused its discretion or the merits of its
25 claim determination."  Id. at 12.  Liberty makes a number of other
26 objections, including claiming that Plaintiff "calls for private,
27 trade secret, proprietary and/or confidential commercial
28 information regarding defendant's processes, operations, work, or

9

apparatus which has not been made public and may have the effect of causing harm to defendant's competitive position." Id. The Court finds these objections too broad, too nebulous, and too unsubstantiated to rule on them in this Order. Liberty must make its objections during discovery consistent with the Federal Rules of Civil Procedure and this district's Civil Local Rules.

The Court holds that Plaintiff is entitled to conduct limited discovery into the nature, extent, and effect of Liberty's conflict of interest on its decision-making process. The Court stresses, however, that this Order is not a fishing license. Plaintiff must "conduct discovery in a way that is limited to specific and meaningful information and that does not result in harassment through burdensome responses." Id. at 13.

### 2. Documents Plaintiff Argues Liberty Was Obligated to Produce During Its Claim Assessment

Plaintiff seeks an order compelling Liberty to augment the administrative record with documents Plaintiff requested and did not receive during Liberty's claim determination, or to permit discovery of these documents. In addition to the above-mentioned evidence of Liberty's conflict of interest, Plaintiff seeks:

> 1. The Hiram Walker and Sons Long Term Disability Plan, Plan number 507 and any amendments thereto.
>
> 2. The insurance policy issued by Liberty Mutual to insure the Plan, and the application for the policy, and any amendments thereto;
>
> 3. Any writing by which the Plan has delegated discretion to determine eligibility for benefits to Liberty Life Assurance Company of Boston ("Liberty").
>
> 4. All writings which establish that the Plan has complied with 29 C.F.R. § 2560.503-1(b)(5),

10

and all writings by which the Plan has complied with that section.

3. [sic] All administrative policies and procedures and the documents which (1) contain the standards for how Liberty evaluates disability claims; (2) contain standards for how Liberty evaluates impairment due to chronic pain, (2) contain the medical basis for those standards (3) conveys those standards and how they are used to the adjusters and (4) evaluates whether the adjusters comply with those standards.

4. All writings "relevant" to Mr. Prado's claim, as that term is defined in 29 C.F.R. § 2560-503-1(m)(8);

Pl.'s Mot. at 1.

Plaintiff claims he is entitled to these documents under 29 C.F.R. § 2560.503-1(h)(2)(iii), which states:

[T]he claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures . . . [p]rovide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

Section (m)(8) defines what is "relevant to the claimant's claim" as any information that:

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) . . . constitutes a statement of policy or guidance with respect to the plan concerning

11

> the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

Plaintiff suggests Liberty's failure to produce this information during the claim review constitutes a procedural error. Pl.'s Mot. at 6-8. "When a plan administrator has failed to follow a procedural requirement of ERISA, the court may have to consider evidence outside the administrative record." Abatie, 458 F.3d at 972-73. "For example, if the administrator did not provide a full and fair hearing, as required by ERISA, 29 U.S.C. § 1133(2), the court must be in a position to assess the effect of that failure and, before it can do so, must permit the participant to present additional evidence." Id. at 973.

Liberty claims that the two documents it produced -- the Group Disability Income Policy and the Certificate of Coverage -- are the only plan documents. Opp'n to Pl.'s Mot. at 6-8. To authenticate these documents and support this statement, Liberty filed a declaration of Carolyn McNerney ("McNerney"), the Plan's assistant corporate secretary. McNerney Decl. ¶¶ 3-5.[3] Plaintiff objects to the McNerney declaration, claiming that Liberty did not identify McNerney as a potential witness in its initial Rule 26 disclosures, and that McNerney "does not disclose her relationship to Allied Domecq, does not claim to be the Plan Administrator, does not identify who the Plan Administrator might be and provides no basis for her conclusion that she is authorized to authenticate these two documents as constituting the Plan." Opp'n to Liberty's Mot. at 2.

---

[3] McNerney filed a declaration in support of Liberty's Motion. ECF No. 22.

12

Under Rule 37 of the Federal Rules of Civil Procedure, a party that fails to identify a witness as required by Rule 26(a) or 26(e) may not use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Liberty claims that McNerney's "identity and the need for her declaration had not been determined at the time Defendant prepared its initial disclosure, and she has now been added to a supplemental initial disclosure." Liberty's Reply at 3. Liberty does not address Plaintiff's other challenges, including that McNerney failed to substantiate her claim that she is authorized to authenticate the plan documents. The Court finds this failure to disclose McNerney is neither justified nor harmless, and SUSTAINS Plaintiff's objection.

Plaintiff argues that it is entitled to Plan documents not disclosed to challenge Liberty's claim that the documents provide Liberty with discretion to determine claims, and also because "[s]ometimes discrepancies exist between the Plan, the insurance policy, and other plan documents. . . . . [Plaintiff] is entitled to the document which is most favorable to his position." Pl.'s Mot. at 8. While Plaintiff is estopped from relitigating the discretion issue, Plaintiff must have all the Plan documents to properly litigate this action. Similarly, the Court needs these documents, as well as any policies guiding Liberty's decision-making, to determine if Liberty abused its discretion in denying Plaintiff's claims. For these reasons, Plaintiff is permitted to conduct discovery of the Plan documents and all information relevant to his claim under 29 C.F.R. § 2560.503-1(m)(8).

///

13

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Real Party in Interest Liberty Life Assurance Company of Boston's Motion for Summary Adjudication on the Applicable Standard of Review, and holds that the standard of review is abuse of discretion tempered with skepticism commensurate with Liberty's conflict of interest. The court GRANTS IN PART AND DENIES IN PART Plaintiff Antonio Prado's Motion for Order Directing Defendant to Augment the Administrative Record and for Leave to Conduct Discovery. Plaintiff's motion to augment is DENIED; Plaintiff's motion for leave to conduct discovery is GRANTED.  Plaintiff may seek in discovery from Liberty the full set of Plan documents, all of Liberty's administrative procedures which relate to the handling of disability claims, and all other information relevant to Plaintiff's claim.  Plaintiff may also conduct limited discovery into the nature, extent, and effect of Liberty's conflict of interest on its decision-making process.  Parties shall appear for a status conference in Courtroom No. 1, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, on November 15, 2010 at 10:00 a.m.  Parties shall file a joint case management statement seven days prior to the hearing.

IT IS SO ORDERED.

Dated: August 2, 2010

UNITED STATES DISTRICT JUDGE

14